UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>KEVIN RAY PATTERSON,<br><br>Movant. | No. 2:99-cr-00551 WBS DB<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant argues his sentence should be modified based on a Supreme Court decision impacting sentencing. Presently before the court is movant's petition to vacate, set aside, or correct his sentence (ECF No. 307) and the government's motion to dismiss the petition (ECF No. 312). For the reasons set forth below the court will recommend that the government's motion to dismiss the petition be granted.

## FACTS AND PROCEDURAL BACKGROUND

**I.    Prior Proceedings**

Movant was convicted, following a jury trial, of one count of conspiracy to use a weapon of mass destruction, one count of conspiracy to use a destructive device, one count of possession of a destructive device, and one count of conspiracy to violate federal firearms laws. (ECF No. 300 at 2.) He was sentenced to 293 months imprisonment on September 9, 2002. (ECF Nos.

215, 219.)  Movant and his co-defendant appealed their conviction.  (ECF No. 221.)  Their sentences and convictions were affirmed in United States v. Kiles, 81 Fed.Appx. 244 (9th Cir. 2003).

On February 14, 2005, movant filed a motion to vacate his conviction pursuant to § 2255. (ECF No. 265.)  In his motion, brought through counsel, he alleged thirteen grounds for relief. The government was directed to file a response.  (ECF No. 266.)  Movant's § 2255 motion was denied on the merits by the district judge then assigned to the case on September 13, 2007.  (ECF No. 300.)  Thereafter, movant filed a second § 2255 petition.  (ECF No. 307.)

## II.     Petition

Movant alleges in his petition that Supreme Court decisions in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015) (holding the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act violates due process) and Welch v. United States, 136 S. Ct. 1257, 1263 (2016) (holding Johnson announced a new substantive rule that is retroactive on collateral review) may affect his sentence.  (ECF No. 307.)  Specifically, he claims that the argument advanced and accepted by the Supreme Court in Johnson, should also apply to the definition of "crime of violence," found in 18 U.S.C. § 16.

## III.    The Government's Motion to Dismiss

In response to movant's § 2255 motion, the government moved to dismiss the petition for lack of jurisdiction because the instant petition is second-or-successive.  (ECF No. 312.)  The government argues that because movant has previously filed a motion under § 2255 he is required to obtain leave from the Ninth Circuit in order to file a second-or-successive motion pursuant to § 2255 and court records reflect that movant has not obtained such leave.

**LEGAL STANDARDS**

## I.     Legal Standards for Motions Pursuant to 28 U.S.C. § 2255

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the

appropriate court of appeals." Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The requirements of section 2255(h) "create[] a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application.'" Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015) (citation omitted).

**II.     Discussion**

Here, defendant filed a § 2255 motion on February 14, 2005, which the court denied on September 14, 2007. (ECF Nos. 265, 300.) The court did not address the issue of a certificate of appealability in its order denying the motion. However, there is nothing on the docket to indicate that movant sought to appeal the denial of his motion. Then, in 2016, movant filed the instant motion pursuant to § 2255. (ECF No. 307.) Accordingly, movant has filed at least two § 2255 petitions challenging his 2002 conviction in this court.

There is no indication that movant has sought or obtained the requisite certificate from the Ninth Circuit authorizing him to file the instant § 2255 motion. Because movant has failed to obtain authorization from the Ninth Circuit as required by § 255(h), this court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it. See Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curium) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); Washington, 653 F.3d at 1065 (district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (district court lacked jurisdiction to consider the merits of a successive § 2255 claim where the petitioner did not request the requisite certification from the Ninth Circuit).

Because the court lacks jurisdiction to consider petitioner's unauthorized successive § 2255 motion, the court must dismiss petitioner's present motion. See Buenrostro v. United States, 697 F.3d 1137, 1139 (9th Cir. 2012) (district court properly dismissed an unauthorized § 2255 motion for lack of jurisdiction).

3

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. The government's motion to dismiss (ECF No. 312) be granted;

2. Movant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 307) be dismissed for lack of jurisdiction; and

3. The Clerk of Court be directed to close the companion civil case No. 2:16-cv-01515 WBS DB and to enter judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/patt0551.fr